United States District Court
Southern District of Texas
**ENTERED**
October 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAULINE ANDRES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-cv-00622 |
| § | |
| BP EXPLORATION & PRODUCTION, INC. & § | |
| BP AMERICA PRODUCTION CO., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM & RECOMMENDATION

This matter is before the Court on Defendants' Application for Costs (Dkt. 52) pursuant to Federal Rule of Civil Procedure 54 and Southern District of Texas Local Rule 54.2. Having considered the parties' arguments and the law, the Court **RECOMMENDS** Defendant's Application for Costs be **GRANTED**.

This is a Back-End Litigation Option ("BELO") lawsuit filed pursuant to the BELO provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"). Dkt. 1 ¶ 1. Plaintiff filed a Stipulation of Dismissal (Dkt. 50) and her case was dismissed with prejudice on August 3, 2020. Dkt. 51. Defendants have filed the pending Application for Costs, requesting payment by Plaintiff of $3,769.43 pursuant to Federal Rule of Civil Procedure 54. Dkt. 52-2 at 2.

Rule 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless the Court determines otherwise. FED. R. CIV. P. 54(d)(1).[1] Rule 54

---

[1] Plaintiff briefly argues Federal Rule of Civil Procedure 41(d), rather than Rule 54(d), governs Defendants' Application for Costs. Dkt. 53 ¶ 2.11. Pursuant to Rule 41(d), where a plaintiff previously dismissed an action and then files a new action including the same claims against the same defendants, the court may order plaintiff to pay

1

"contains a strong presumption that the prevailing party will be awarded costs[.]" *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)).  However, the Court may, in its discretion, decline to award costs. *Id*.  When awarding costs, the Court may tax only those expenses enumerated in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Any cost not included in one of the above categories must be borne by the party incurring it. *Baisden*, 793 F. Supp. 2d at 973 (citations omitted).

**1. Defendants' Application for Costs requests costs allowed under § 1920.**

Defendants contend they are entitled to the following costs as the prevailing party[2]:

| Description of Cost | Cost |
|---|---|
| Recording and transcribing Plaintiff's deposition | $2,953.85 |
| Recording and transcribing deposition of Dr. D'Andrea[3] | $705.58 |
| Service of subpoena on Dr. D'Andrea requesting Plaintiff's records | $55.00 |
| Service of subpoena on Dr. D'Andrea in connection with taking his deposition | $55.00 |
| **Total Costs Requested** | **$3,769.43** |

Dkt. 52-2 at 2.  These costs can be divided into two categories: costs associated with service of process and costs associated with recording and transcribing depositions.

---

costs from the first action.  Rule 41(d) is inapplicable here, where Plaintiff's claims have been dismissed with prejudice and cannot be pursued in a second lawsuit against Defendants.  Dkt. 51.

[2] The defendant is the prevailing party for purposes of costs when a plaintiff voluntarily dismisses the case against the defendant with prejudice.  *Uniloc USA, Inc. v. Acronis, Inc.*, Civil Action No. 6:15-CV-1001, 2019 WL 498341, at *3 (S.D. Tex. Feb. 8, 2019) (citation omitted).

[3] As explained by Defendant in its Application for Costs, Dr. D'Andrea testified during a single deposition regarding the present case as well as four other related cases.  The amount requested by Defendant reflects the portion of the total cost to record and transcribe Dr. D'Andrea's deposition attributable to the present case.  Dkt. 52-1 ¶ 7.

Section 1920 allows for taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A deposition is necessarily obtained in the case "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery[.]" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Plaintiff does not argue that either of the depositions at issue were not "necessarily obtained." Defendants argue generally that all costs requested in the Application for Costs were "necessarily incurred." Dkt. 52-1 ¶ 10. The Court finds the depositions were necessarily obtained for use at trial in the case and, therefore, considered taxable costs. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983) (quotations omitted) ("[A] district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' . . . .").

Defendants also seek to recover fees associated with service of process. Section 1920(1) of Title 28 allows recovery of "[f]ees of the clerk and marshal," but does not expressly allow for recovery of private process server fees. *Baisden*, 793 F. Supp. 2d at 974. Likewise, Fifth Circuit precedent provides that "absent exceptional circumstances, the costs of a private process server are not recoverable under [§] 1920." *Marmillion v. American Int. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (citations omitted). Although § 1920 and Fifth Circuit precedent do not allow the prevailing party to recover the cost of a private process server absent exceptional circumstances, courts in this circuit have held that a prevailing party who used a private process server may recover as costs the amount that would have been charged by the U.S. Marshal Service for the service of process. *See Baisden*, 793 F. Supp. 2d at 973 ("[C]ourts that have allowed recovery of [private process server fees] typically do so only to the extent that the costs incurred do not exceed the costs that would have been incurred had the United States Marshal effected service."); *see also*

*Ninan v. Hosp. Partners of Am., Inc.*, Civil Action No. H-07-2095, 2009 WL 10692726, at *2 (S.D. Tex. Mar. 13, 2009) (citations omitted) (awarding private process server costs in lieu of marshal fees); *see also Denner v. Texas Dept. of Criminal Justice*, Civil Action No. SA-05-CA-184-CR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007) ("[P]rivate process server costs in lieu of marshal fees may be taxed, but only to the extent that they do not exceed the costs that would have been incurred had the marshal effected service."). Defendants request $55.00 for each of two instances in which they used a private process server. Dkt. 52-2 at 2. Defendants also provided documentation demonstrating the U.S. Marshal would have charged $55.00 per hour for service of process. *Id*. at 4. Therefore, the Court finds that $110.00 may be taxed as private process server costs in lieu of Marshal fees.

**2. Plaintiff has failed to overcome the presumption that Defendants are entitled to costs.**

Having determined the items listed in Defendants' Application for Costs are properly taxed as costs, the Court considers Plaintiff's objections to an award of these costs. Plaintiff cites *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) as authority for its argument that the Court may deny an award of costs to Defendants so long as Plaintiff prosecuted the action in good faith and satisfies one of the factors from *Pacheco*. Dkt. 53 ¶ 2.2-2.3.

In *Pacheco*, the Fifth Circuit explained that *in other circuits* "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." *Pacheco*, 448 F.3d at 794 (quoting 10 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2668, at 234 (1998)). These reasons include (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id*. However, the Fifth Circuit has rejected the argument that *Pacheco* held "it is proper to deny costs when the losing

4

party brought the case in good faith and also satisfied at least one of five factors . . . ." *See Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) ("[The Fifth Circuit] made no holding that good faith plus one [*Pacheco*] factor requires denying costs to a prevailing party."). Rather, the Fifth Circuit enumerated the factors in *Pacheco* "only for the purpose of exposition" and expressly declined to "decide whether *any* of these is a sufficient reason to deny costs." *Pacheco*, 448 F.3d at 794 n.18 (emphasis added). The fact that Plaintiff litigated in good faith and may satisfy one of the *Pacheco* factors does not necessarily overcome the presumption that Defendants are entitled to costs. Thus, the Court addresses each of Plaintiff's arguments in turn to determine whether the Court should decline to follow the presumption under Rule 54 that taxable costs be awarded to the prevailing party.

First, "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Deep Fix, LLC v. Marine Well Containment Co., LLC*, Civil Action No. H-18-0948, 2020 WL 1845336, at *2 (S.D. Tex. Apr. 10, 2020) (quoting *Pacheco*, 448 F.3d at 795).

Second, "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Id.* (citations omitted) (quoting *Moore v. CITGO Ref. & Chemicals Co., LP*, 735 F.3d 309, 320 (5th Cir. 2013)). The Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex. rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 129 (5th Cir. 2015) (citations omitted). Therefore, in accordance with Fifth Circuit precedent, the Court finds this argument insufficient to overcome the presumption that costs will be awarded to Defendants.

Third, Plaintiff argues Defendants should be denied costs because the suit involved a "close and difficult legal issue[.]" The primary issue in this case is whether the MSA and maritime law require Plaintiff to present expert testimony to establish causation. *See* Dkt. 36 at 5. Plaintiff

alleges in her Response that she stipulated to dismissal of her case due to "the recent ruling [in *Wilburn*] by Chief Judge Rosenthal, [which] Plaintiff understood to make his (sic) case untenable to continue." Dkt. 53 ¶ 2.10 (discussing *Wilburn v. BP Expl. & Prod., Inc., et al.*, Civil Action No. H-19-898 (S.D. Tex. June 24, 2020)). *Wilburn* was also a BELO lawsuit involving injuries alleged by a *Deepwater Horizon* clean up worker. In opposition to BP's motion for summary judgment, Wilburn argued, among other things, that the MSA did not require him to establish causation in order to recover on his claims. Chief Judge Rosenthal held that general maritime law applied to Wilburn's claims and that he was required to present expert testimony to establish causation. *Wilburn v. BP Expl. & Prod., Inc., et al.*, Civil Action No. H-19-898 (S.D. Tex. June 24, 2020), [Dkt. 51 at 8-9]. Plaintiff suggests that, because the parties submitted "extensive briefing" and it took seven months to issue the ruling on the motion for summary judgment in *Wilburn*, the issues in that case and the present case are necessarily close and difficult. Dkt. 53 ¶ 2.9. The Court finds that the amount of briefing submitted by the parties and the length of time between the date a motion becomes ripe and the issuance of an order do not establish that the issues in the motion or case are "close and difficult." In fact, at least one court in this district has found that "Chief Judge Rosenthal's decision in *Wilburn* did not break new ground, but rather followed a number of other federal courts handling BELO cases that 'have consistently applied maritime law and required each plaintiff to prove causation.'" *Garcia v. BP Expl. & Prod. Inc.*, No. 4:19-CV-692, 2020 WL 4689214, at *3 (S.D. Tex. July 31, 2020). Chief Judge Rosenthal's own Memorandum and Opinion granting summary judgment demonstrates the issue had been previously addressed. *Wilburn*, Civil Action No. H-19-898, [Dkt. 51 at 8] ("Federal courts handling *Deepwater Horizon* back-end lawsuits have consistently applied maritime law and

6

required each plaintiff to prove causation."). Therefore, the Court finds this argument likewise fails to overcome the presumption that the prevailing party is entitled to recover costs.

## 3. Conclusion

For the reasons stated above, the Court concludes that Defendants are entitled to tax as costs the items listed in their Application for Costs. Therefore, the Court **RECOMMENDS** Defendants' Application for Costs be **GRANTED** in its entirety.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 5, 2020 at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge